UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. a Delaware Corporation and CISCO TECHNOLOGY, INC., a California Corporation, <br> *Plaintiffs* <br><br> v. <br><br> DEXON COMPUTER, INC., a Minnesota Corporation, <br> *Defendant* | § § § § § § § § § § | No. A-23-MC-679-RP |

## TRANSFER ORDER

Before the Court is Petitioner Sterling Computers Corporation's Motion to Quash, or in the Alternative, Modify Subpoena Duces Tecum to True Pedigree, LLC, Dkt. 1; and all related briefing. The court that originated the subpoena is located in the Northern District of California where the underlying suit is pending. Dkt. 1-1. *See Cisco Systems, Inc. et al. v. Dexon Computer, Inc.*, No. 3:20-CV-4926-CRB (N.D. Ca.).

In this case, Sterling Computers moves to quash a non-party subpoena propounded by Dexon Computer, Inc., the Defendant in the California action. In California, Plaintiff Cisco alleges claims of trademark infringement, trademark counterfeiting, false designation of origin, unfair business practices under California law, and unjust enrichment. Dexon issued the subpoena not to Sterling, but to True Pedigree, LLC, a company located in Austin, Texas, that offers brand protection and anti-counterfeiting solutions, and is utilized by Sterling Computers.

1

The subpoena requests information related to Cisco partners, authorized sellers, and/or licensed sellers "purchasing and/or selling Secondary Market Products" and "purchasing and/or selling counterfeit Cisco products." Dkt. 1-1. Sterling is a "channel partner" with Cisco and asserts that Dexon is its direct competitor.

Sterling asserts it was informed by True Pedigree on June 8, 2023, that it had received a subpoena from Dexon, and in response, it would produce all documents related to audits of Cisco's channel partners.  Dkt. 1 at 7. Sterling Computers moves to quash asserting that the subpoena seeks trade secrets and confidential information regarding its business practices, and the information is not relevant to the California suit.

Federal Rule of Civil Procedure 45 governs the undersigned's analysis in deciding disputes regarding out-of-district subpoenas. *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 WL 6184940, at *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.  Then, if the attorney

> for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] … that motions be made in the court in which compliance is required under Rule 45." Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the non-party consents, or where there are "exceptional circumstances." *Id.* On this issue, the Note states that, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented in the motion, or the same issues are likely to arise in discovery in many districts." *Id.* In making the decision to transfer, the Committee instructs that "the prime concern should be avoiding burdens on local non-parties." *Id.* The Court finds this case presents an exceptional circumstance making transfer preferable.

The case underlying the subpoena in issue originated in the Northern District of California, San Francisco Division. Dkt. 1-1. It is a complicated trademark, trademark infringement, trademark counterfeiting, false designation of origin, unfair business practices under California law, and unjust enrichment case involving large market participants. Moreover, the movant in this case, while not a party to that case, is also not located in Austin, Texas, as Sterling Computers

Corporation, is located in Sioux City, South Dakota. Dkt. 1-2. The only connection the underlying litigation has to Austin, Texas, is that True Pedigree, LLC, upon which the subpoena was served in care of its Delaware agent of service, was commanded to comply in Austin, Texas. True Pedigree does not move to quash nor seemingly object to compliance with the subpoena. Thus transferring the motion would not burden the only local party in interest.

The Court finds that the interest of the issuing court in deciding the discovery dispute outweighs the parties' interest in deciding the issue in Austin, Texas. While True Pedigree, LLC, is located in Austin, no other party in interest, and the parties actually disputing the terms of the subpoena are not. Additionally, there is a Protective Order in place in the Northern District of California that would govern the production of the discovery in issue. The issuing court is in the best position to determine whether Sterling's claims of trade secret and confidentiality are adequately addressed by the Protective Order and the value of the discovery in issue to the underlying case. Accordingly, transfer of Petitioner Sterling Computer Corporation's Motion to Quash, or in the Alternative, Modify Subpoena Duces Tecum to True Pedigree, LLC, Dkt. 1, is proper.

**IT IS THEREFORE ORDERED** that Petitioner Sterling Computer Corporation's Motion to Quash, or in the Alternative, Modify Subpoena Duces Tecum to True Pedigree, LLC, Dkt. 1, is **HEREBY TRANSFERRED** to the United States District Court for the Northern District of California, San Francisco Division. **IT IS LASTLY ORDERED** that this matter is **CLOSED.**

SIGNED July 20, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE